IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHANA SIGLER, *individually and on
behalf of all others similarly situated*,

        Plaintiff,

        *v.*

HOMESITE GROUP INCORPORATED,

        Defendant.

**CIVIL ACTION NO. _____**

**JURY TRIAL DEMANDED**

**DATED: SEPTEMBER 27, 2024**

## PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Shana Sigler, on behalf of herself and all others similarly situated, by and through counsel, for her Class and Collective Action Complaint against Defendant Homesite Group Incorporated (hereinafter also referred to as "Homesite" or "Defendant"), states and alleges the following:

## INTRODUCTION

1.    The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant Homesite to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. State law, including Arizona law, further required the timely payment of wages, and/or contained other wage payment requirements and penalties. A.R.S. § 23-350, *et seq.* (the "Arizona Wage Statute").

2.      Defendant Homesite's employee overtime wage compensation policies and practices, including Defendant's overtime wage underpayment policies and practices, have previously been challenged as willful attempts to circumvent the FLSA and State Law. *See, e.g., Acklin v. Homesite Group, Inc.*, No. 1:18-cv-12183 (Dist. Mass.). In *Acklin*, on November 5, 2019, the parties filed their *Agreed Order of Dismissal with Prejudice* (Doc. 33) in this district and division which incorporated a settlement providing for a gross total of $359,789.00 in overtime back wages and other damages (s*ee id.* at Doc. 31). More recently, in the matter of *Herb v. Homesite*, No. 1:22-cv-11416 (Dist. Mass.), Defendant agreed to a settlement providing for a gross total of $725,000.00 in overtime back wages and other damages (s*ee id.* at Doc. 61-1). Nevertheless, Defendant has continued to engage in these and other willful, intentional FLSA violations.

3.      Plaintiff brings this case to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201-219, as well as the Arizona Wage Statute, A.R.S. § 23-350, *et seq.*

4.      Plaintiff brings this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective") – Count I of this Complaint.

5.      Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the Arizona Wage Statute, A.R.S. § 23-350, *et seq.*, and state unjust enrichment law (the "State Law Class") – Counts II and III, respectively, of this Complaint.

6.     Plaintiff and other members of the FLSA Collective and State Law Class now seek to exercise their rights to unlawfully unpaid overtime and non-overtime wages and additional statutory liquidated damages in this matter, exemplary and punitive damages as applicable, treble damages as applicable, other penalties, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.     This Court has supplemental jurisdiction over Plaintiff's claims under Arizona law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367. The state law and federal law claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

9.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division, and because all or a substantial part of the events or omissions giving rise to Plaintiff's claims arose and/or emanated from Defendant's corporate headquarters, which is located in this judicial district and division.

## PARTIES

10.     Plaintiff Sigler is an individual, a citizen of the United States, and a resident of the State of Arizona. Plaintiff has previously filed an "Opt-In Consent Form" in this Court, which is further attached as Exhibit A and fully incorporated by reference herein.

11.     Defendant Homesite is a Delaware for-profit corporation with its corporate headquarters and principal place of business at One Federal Street, Boston, Massachusetts 02110.[1] According to records maintained by the Massachusetts Secretary of State, Defendant Homesite's Registered Agent for service of process is Anthony M. Scavongelli, One Federal Street, 4th Floor, Boston, Massachusetts 02110.[2]

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

12.     Defendant Homesite is a "Property and Casualty Insurance Company headquartered in Boston, [Massachusetts]."[3] Defendant Homesite is an affiliate of American Family Insurance Mutual Holding Company, 6000 American Parkway, Madison, Wisconsin 53783.[4]

13.     Defendant Homesite is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant is also an employer of Plaintiff and other members of the State Law Class within the meaning of the Arizona Wage Statute, A.R.S. § 23-350(3).

14.     Defendant Homesite utilizes non-exempt Customer Sales Representative employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

15.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

---

[1] *See* https://go.homesite.com/contact-us (last accessed September 26, 2024).
[2] https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=AqqcEKqnYR w5l6_uVi6PRRNosupYU2xfYMPqZooHtBY- (last accessed September 26, 2024).
[3] https://go.homesite.com/ (last accessed September 26, 2024).
[4] https://go.homesite.com/member-companies (last accessed September 26, 2024).

16.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

18.     Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

### Plaintiff's, the FLSA Collective's, and State Law Class's Non-Exempt Employment Statuses with Defendant

19.     Plaintiff Sigler was employed by Defendant from approximately February 2023 to October 2023 as a non-exempt Customer Sales Representative ("CSR"). Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and State Law Class, as nonexempt employees.

20.     At all times relevant, Plaintiff and other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e).

21.     At all times relevant, Plaintiff and other members of the State Law Class were employees within the meaning of A.R.S. § 23-350(2).

22.     At all times relevant, Plaintiff and other members of the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendant's Failure to Pay Overtime Compensation

23.     The FLSA required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), as well as provided other pay requirements as applicable. 29 U.S.C. § 207.

24.     Plaintiff and other members of the FLSA Collective and the State Law Class frequently worked more than forty (40) hours in a single workweek.

25.     Although Defendant suffered and permitted Plaintiff and other members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective and the State Law Class were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. § 207. Though Plaintiff and the members of the FLSA Collective and State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and State Law Class were not properly paid for many of their hours worked as required by the FLSA, which further unjustly enriched Defendant to the detriment and

impoverishment of Plaintiff and the State Law Class, and additionally resulted in violations of

the Arizona Wage Statute, A.R.S. § 23-350, *et seq.*

26.     Defendant consistently failed to pay Plaintiff and other members of the FLSA

Collective and the State Law Class for all hours, including overtime hours, worked. 29 U.S.C. §

207.

**Defendant's Failure to Pay For Time Worked when Plaintiff and Other Members
of the FLSA Collective and the State Law Class Access and Log Into / Out of
Computer Systems, Applications, and Phone and other Systems**

27.     Plaintiff and other members of the FLSA Collective and the State Law Class were

required by Defendant to perform unpaid work before clocking in each day, including but not

limited to starting and logging into Defendant's computer systems, numerous software

applications and programs, and phone system. By way of example, on a daily basis, Plaintiff

Sigler, and other members of the FLSA Collective and State Law Class, was required to boot up

her computer, start and log into Defendant's computer systems, numerous software applications

and programs – including at least ten (10) separate screens – and phone system, and ensure that

each program/system is running correctly. At the beginning of their shifts and prior to being

paid, Plaintiff's and other members of the FLSA Collective's and the State Law Class's

computers also crashed or had other information technology ("IT") issues – which required

troubleshooting and/or correspondence with supervisors and/or Defendant's IT department –

which was also not compensated.

28.     Booting up computers, starting and logging into Defendant's computer systems,

numerous software applications and programs, and phone system, and ensuring that each

program/system is running correctly including addressing IT issues is required by the nature of

the work performed, is required by Defendant, is performed for Defendant's benefit, constitutes

part of Plaintiff's and other members of the FLSA Collective's and the State Law Class's principal activities, and/or is a necessary and indispensable part of their principal activities.

29.     Moreover, part of the jobs they were hired to perform included booting up computers, starting and logging into Defendant's computer systems, numerous software applications and programs, and phone system, and ensuring that each program/system is running correctly. Plaintiff and other members of the FLSA Collective and the State Law Class used Defendant's computers, applications, internal systems, and other programs throughout their entire workday and necessarily required these tools to perform their jobs. Defendant could not eliminate Plaintiff's and other members of the FLSA Collective's and the State Law Class's job duties – including starting and logging into Defendant's computer systems, numerous software applications and programs, and phone system, and ensuring that each program/system is running correctly including addressing IT issues – without eliminating Plaintiff's and other members of the FLSA Collective's and the State Law Class's ability to perform their jobs. Plaintiff and other members of the FLSA Collective and the State Law Class cannot perform their work without booting up computers, starting and logging into Defendant's computer systems, numerous software applications and programs, and phone system, and ensuring that each program/system is running correctly, as well as dealing with various IT issues, such as computer crashes and troubleshooting.

30.     These activities are thus compensable as they are "integral and indispensable to the principal activities that [Plaintiff Sigler and other members of the FLSA Collective and the State Law Class are] employed to perform [as these activities are an] intrinsic element of those

activities and one with which [these workers] cannot dispense" if these workers are to perform their principal job activities.[5]

31.     However, while Plaintiff Sigler and other members of the FLSA Collective and the State Law Class require approximately twenty (20) to thirty (30) minutes to complete these job duties prior to the start of their shifts every day, Defendant arbitrarily fails to count this work performed by Plaintiff and other members of the FLSA Collective and the State Law Class as hours worked.

32.     If Plaintiff Sigler and other members of the FLSA Collective and the State Law Class are not ready and on the phone at shift start, they can be subject to discipline. If Plaintiff Sigler and other members of the FLSA Collective and the State Law Class clock in prior to five (5) minutes prior to their shift start time or one (1) minute after their shift start time, they may also be subject to discipline. As a result, the only way to be ready on time, and avoid discipline, is to perform compensable work "off-the-clock," including the job duties listed above, and without pay.

33.     Plaintiff and other members of the FLSA Collective and the State Law Class were also required by Defendant to perform unpaid work after their shift ended each day including, but not limited to, completing job duties after their last call, including sending emails, documenting calls, corresponding with supervisors, and generally performing the duties of their jobs, as well as closing and logging out of Defendant's computer systems, numerous software applications and programs, and phone system. However, while Plaintiff Sigler and other members of the FLSA Collective and the State Law Class require approximately five (5) or more minutes to complete these job duties after the end of their shifts on a regular basis, upon

---

[5] *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 33-34, 135 S.Ct. 513, 190 L.Ed.2d 410 (2014).

information and belief, Defendant arbitrarily fails to count this work performed by Plaintiff and other members of the FLSA Collective and the State Law Class as hours worked.

34.    Defendant arbitrarily failed to count the pre- and post-shift work described above and as performed by Plaintiff and other members of the FLSA Collective and the State Law Class as hours worked.

35.    Plaintiff and other members of the FLSA Collective and the State Law Class performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

36.    This unpaid work performed by Plaintiff and other members of the FLSA Collective and the State Law Class was practically ascertainable to Defendant. There is no practical administrative difficulty of recording this unpaid work.

37.    The requirement to work overtime by Plaintiff and other members of the FLSA Collective and the State Law Class, including the off the clock tasks described above, was unavoidable due to production/productivity quotas, and CSRs were required to work unpaid overtime hours, including the pre-shift compensable work described above, to complete their job duties. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

38.    Defendant's failure to compensate Plaintiff and other members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendant's failure to pay all compensable pre- and post-shift work – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207.

### Defendant's Unjust Enrichment

39.    In addition, Defendant was unjustly enriched by the retention of hourly wages that were earned and that rightfully belong to Plaintiff and other members of the State Law Class. Defendant was unjustly enriched in that it induced and impoverished Plaintiff and other members of the State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having paid for the same.

40.    For example, while Defendant represented to Plaintiff and other members of the State Law Class that they would be paid at their hourly rates for all time spent working for Defendant, Defendant failed to pay for all time worked including but not limited to starting and logging into Defendant's computer systems, numerous software applications and programs, and phone system, and ensuring that each program/system was running correctly, as well as dealing with system crashes and IT issues, failed to pay for all time worked at the end of the workday, failed to pay for all work performed for Defendant as a result of Defendant's time deletion, editing, and/or modification practices and/or policies.

41.    Defendant had absolutely no justification to deny and impoverish Plaintiff and other members of the State Law Class for all time spent working for Defendant.

42.    At the end of the workday and/or workweek and after the work was performed, while operating under the understanding that they would be paid their correct hourly rates for all hours worked, Defendant arbitrarily and without prior notice failed to pay all hours worked. Plaintiff and other members of the State Law Class were ultimately not paid for all time worked at the earned hourly rate as a result of Defendant's unlawful practices and policies.

43.    Although Plaintiff and other members of the State Law Class satisfied the requirements of getting paid for all time worked – by virtue of working hours to Defendant's

benefit – Plaintiff and other members of the State Law Class were not paid for all hours worked in full as they were entitled.

44.     Defendant was unjustly enriched from Plaintiff and other members of the State Law Class by failing and/or refusing to pay earned wages in both overtime and non-overtime weeks.

45.     Plaintiff and other members of the State Law Class reasonably expected to be paid for all hourly work completed at the hourly rates Defendant represented they would be paid.

46.     However, while Defendant knew that Plaintiff and other members of the State Law Class worked for all the hours that improperly remain unpaid, Defendant nevertheless failed to pay for all hours worked as a result of Defendant's off the clock and time manipulation policies and practices, resulting in less time paid than time actually worked.

47.     Defendant employs a longstanding policy or practice of failing and/or refusing to pay all earned hourly wages to employees. Defendant improperly and unlawfully retained hours worked and hourly wages rightfully earned and owed to Plaintiff and other members of the State Law Class.

48.     Allowing Defendant to retain the benefits provided by Plaintiff and other members of the State Law Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust, and results in an impoverishment to Plaintiff and other members of the State Law Class.

49.     As a direct and proximate result of Defendant's unjust enrichment described herein, Plaintiff and other members of the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the State Law Class but not paid by Defendant.

**<u>Defendant's Record Keeping Violations</u>**

50.     The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

51.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

52.     Defendant failed to keep accurate records of hours worked. Thus, Defendant did not record or pay all hours worked in violation of the FLSA and Arizona Wage Statute.

**<u>The Willfulness of Defendant's Violations</u>**

53.     Defendant knew that Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

54.     By denying Plaintiff and other members of the FLSA Collective and State Law Class overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal law and state law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the

information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA or acted in reckless disregard as to Defendant's obligations under these laws.

55.     In addition, as provided above, Defendant Homesite's employee overtime wage compensation practices have previously been challenged as willful attempts to circumvent the FLSA and State Law. *See, e.g., Acklin v. Homesite Group, Inc.,* No. 1:18-cv-12183 (Dist. Mass.); *Herb v. Homesite*, No. 1:22-cv-11416 (Dist. Mass.). Despite Defendant previously agreeing to pay a combined gross total of in excess of $1,000,000 in overtime back wages and other damages in prior matters, Defendant has continued to willfully and intentionally underpay its employees overtime compensation.

56.     Plaintiff and other members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260. Plaintiff and other members of the State Law Class are also entitled to triple damages for all unpaid wages. A.R.S. § 23-355(A).

57.     Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and State Law.

58.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219.

## **COLLECTIVE ACTION ALLEGATIONS**

59.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

61.    Plaintiff brings this case on behalf of an FLSA collective group of employees of Defendant (referred to herein as the "FLSA Collective").

62.    The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations as to the FLSA Collective consist of:

**All current and former CSR employees and all other workers with similar job titles and/or positions of Defendant in the United States during the period of three years preceding the commencement of this action to the present.**

63.    Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

64.    Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

65.    Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of one hundred or more persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

66.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the Arizona Wage Statute and common law unjust enrichment (the "State Law Class"), defined as:

**All current and former CSR employees and all other workers with similar job titles and/or positions of Defendant during the period of four years preceding the commencement of this action to the present.**

68.     The State Law Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of one hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA. *See, e.g.,* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

69.     There are questions of law or fact common to the State Law Class, including but not limited to:

Whether Defendant owes State Law Class members wages in exchange for all work performed that remains unpaid;

Whether Defendant's conduct as described above violates unjust enrichment common law governing payment of overtime and non-overtime compensation;

Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation enriched Defendant to the impoverishment of Plaintiff and other members of the State Law Class;

Whether Defendant is liable for damages under the Arizona Wage Statute, including but not limited to compensatory damages, statutory damages, interest, and treble damages; and

What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's violations of state unjust enrichment law.

70.    Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

71.    Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

72.    The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

73.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

74.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

75.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

76.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

77.     Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

78.     Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

79.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

80.     As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation," as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any

judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Arizona Wage Statute Violations)

81.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

82.    The Arizona Wage Statute, A.R.S. § 23-351, *et. seq*., requires employers to pay employees wages for all hours worked. An employer may not withhold or divert any portion of an employee's wages without legal authority, written authorization by the employee, or as a result of a good faith dispute over the wages due. *See, e.g.,* A.R.S. § 23-352.

83.    Defendant was aware that, pursuant to A.R.S. §§ 23-350 - 23-353, it was obligated to pay all wages due to Plaintiff Sigler and other members of the State Law Class.

84.    Defendant has failed to pay Plaintiff and other members of the State Law Class for all hours worked. Defendant failed to pay all wages due to Plaintiff and other members of the State Law Class, including regular wages and overtime, that were earned and owed when these employees performed work such as starting and logging into Defendant's computer systems, numerous software applications and programs, and phone system, and ensuring that each program/system was running correctly, as well as dealing with system crashes and IT issues, failed to pay for all time worked at the end of the workday, and failed to pay for all work performed as a result of Defendant's time deletion, editing, and/or modification practices and/or policies. *See* A.R.S. § 23-350, *et. seq*.

85.    Defendant failed to timely pay Plaintiff and other members of the State Law Class wages they are due without a good faith basis for withholding the wages.

86.     Defendant has willfully failed and refused to timely pay wages due to Plaintiff and other members of the State Law Class. As a result of Defendant's unlawful acts, Plaintiff and other members of the State Law Class are entitled to the statutory remedies provided pursuant to the Arizona Wage Statute, including A.R.S. § 23-355. As a result of Defendant's actions, Plaintiff and other members of the State Law Class have been harmed, have suffered substantial losses and have been deprived of compensation to which they are entitled, and are thus entitled to an award of unpaid wages, prejudgment interest, treble damages, and attorneys' fees and costs, and all other available relief, pursuant to the Arizona Wage Statute, including A.R.S. § 23-355.

## COUNT THREE
### (Unjust Enrichment)

87.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

88.     As hereinabove alleged, Defendant represented to Plaintiff and other members of the State Law Class they would be paid wages for all hours they worked, and all of the work these employees performed during their employments was performed under, and in return for, those terms of compensation. However, Plaintiff and other members of the State Law Class were not paid the hourly rates they expected to be paid for all work completed but were instead paid less as a result of Defendant's off the clock and time manipulation policies and practices.

89.     Allowing Defendant to retain the benefits provided by Plaintiff and other members of the State Law Class – free, unpaid labor, resulting in an impoverishment to Plaintiff and other members of the State Law Class – under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Plaintiff's and other members of the State Law Class's services without compensating them, under circumstances in

which it would be unjust and unconscionable, and there was no justification to permit Defendant to do so.

90.    In short, unjust enrichment provides a remedy here where Defendant has received a benefit at the expense and impoverishment of Plaintiff and other members of the State Law Class, who, in good conscience, performed work for Defendant that was not paid. To the extent that there is an absence of a remedy provided by law as to Plaintiff's and other members of the State Law Class's claims as to hours worked but not paid, Plaintiff and other members of the State Law Class may still recover under this unjust enrichment claim.

91.    As a direct and proximate result of Defendant's unjust enrichment described herein, Plaintiff and other members of the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the State Law Class but not paid by Defendant.

92.    Having injured Plaintiff and other members of the State Law Class, Defendant is liable to Plaintiff and other members of the State Law Class in the full amount of regular wages that remain unpaid, exemplary or punitive damages as applicable, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

## **<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the FLSA Collective and State Law Class, respectfully prays that this Honorable Court:

A.  Conditionally certify this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

C.  Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class;

D.  Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

E.  Award Plaintiff and other members of the State Law Class compensatory damages, treble damages, costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350, *et seq*., including but not limited prejudgment and post-judgment interest and other remedies as provided by Arizona law;

F.  Award monetary relief and restitution to Plaintiff and other members of the FLSA Collective and State Law Class in an amount sufficient to divest Defendant of the amounts gained by its unjust enrichment;

G.  Designation of Plaintiff as representative of the Rule 23 State Law Class, and counsel of record as Class Counsel for the Class;

H.  Award Plaintiff and other members of the FLSA Collective and State Law Class compensatory damages, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

I.  Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

**Dated: September 27, 2024**

/s/ *Philip J. Gordon*
**Philip J. Gordon**
Mass. BBO# 630989
**Kristen M. Hurley**
Mass. BBO# 658237
**GORDON LAW GROUP, LLP**
585 Boylston St.
Boston, MA 02116
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com
khurley@gordonllp.com

*and*

/s/ *Joseph F. Scott*
**Joseph F. Scott***
Ohio Bar No. 0029780
**Ryan A. Winters***
Ohio Bar No. 0086917
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221     F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

**Kevin M. McDermott II***
Ohio Bar No. 0090455
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221     F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, PROPOSED FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

* APPLICATION TO PROCEED *PRO HAC VICE* TO BE FILED

23